**COMMONWEALTH of Kentucky, Appellant**

v.

**Leah TRAMBLE, Appellee.**

**No. 2012–SC–000106–DG.**

Supreme Court of Kentucky.

Sept. 26, 2013.

Jack Conway, Attorney General, Courtney J. Hightower, Assistant Attorney General, Counsel for Appellant.

Linda Roberts Horsman, Assistant Public Advocate, Counsel for Appellee.

Opinion of the Court by Justice VENTERS.

The Commonwealth of Kentucky appeals from a decision of the Court of Appeals which reversed a judgment of the Kenton Circuit Court convicting Appellee, Leah Tramble, of trafficking in marijuana over five pounds and sentencing her to five years' imprisonment.

The Commonwealth contends that the Court of Appeals erred in its conclusion that: 1) the trial court erroneously admitted evidence of Appellee's prior bad conduct in violation of KRE 404(b); and 2) that the prosecutor improperly misstated the facts during closing arguments. The Court of Appeals also held that a discovery violation occurred as a result of the late disclosure of an incriminating statement

made by Appellee, but that the late disclosure was harmless; the Commonwealth contends that there was no discovery violation.

Upon review, we conclude that the admission of the prior bad act evidence was proper, and that the prosecutor's correction of his misstatement during closing arguments cured any prejudicial effect that might otherwise have arisen. Therefore, we reverse the Court of Appeals' decision and reinstate the judgment of the Kenton Circuit Court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

At trial the Commonwealth introduced the following evidence. United States Postal Inspector Karen O'Neill was investigating the transportation of marijuana through the mail from her post in Cincinnati, Ohio. In February 2009, her investigation began to focus on John Cottrell. While investigating the case against Cottrell, Inspector O'Neill became familiar with Appellee. Significantly, it appears that at some point Cottrell was arrested in Ohio as a result of a drug investigation and that on at least one occasion a package of marijuana might have been mailed directly to Appellee's residence.

In August 2009, Inspector O'Neill received a phone call from Deputy Michael Kappes with the Boone County Sheriff's Department. Kappes told O'Neill that he had received a call from Arizona reporting that a package containing marijuana was to be delivered via Federal Express to an address in Crescent Springs, Kentucky. Upon investigation, O'Neill discovered that the address was a mailbox at a United Parcel Service (UPS) office in Crescent Springs that was rented to Appellee.

Pursuant to a warrant, Kappes, O'Neill, and other law enforcement officers opened the package bound for Appellee's mailbox and discovered over five pounds of marijuana. Kappes arranged for the package to be delivered to the UPS office and for one of his agents to pose as a clerk. Shortly before closing time, Appellee entered the UPS Store and picked up two packages, including the traced box.

Upon leaving the store, Appellee was intercepted by police officers. Deputy Kappes and Inspector O'Neill spoke with her. According to them, Appellee admitted that she knew that the packages contained marijuana and that she was to deliver them to Cottrell in Cincinnati. The combined weight of the marijuana found in the two packages was seventeen pounds. Although Appellee offered to cooperate with the authorities, Inspector O'Neill could not make arrangements with the Cincinnati Police Department for a sting operation to incriminate Cottrell. Subsequently, Appellee was charged with trafficking in marijuana over five pounds and conspiracy to traffic in marijuana.

Inconsistent with prior statements allegedly made to Kappes and O'Neill, Appellee argued at trial that she did not know that marijuana was in the packages. Appellee was convicted of trafficking in marijuana over five pounds and was sentenced to imprisonment for five years.

Appellee appealed her conviction to the Court of Appeals. The Court of Appeals held that reversible error occurred as a result of (1) the trial court's pretrial ruling permitting the admission of prior bad act evidence in violation of KRE 404(b); and (2) a misstatement of fact made by the Commonwealth during closing arguments. We granted discretionary review principally to examine whether reversible error occurs when the prosecutor makes a material factual misstatement in closing arguments, and whether it was proper for the trial court to decline the corrective admo-

nition requested by the defendant and instead, allow the prosecutor himself to correct his misstatement.

## II. EVIDENCE OF PRIOR SHIPMENTS OF MARIJUANA TO APPELLEE

■ The Court of Appeals reversed Appellee's conviction upon its conclusion that the trial court erred in permitting the Commonwealth to introduce evidence that there had been occasions, other than the one charged and then being tried, upon which packages of marijuana had been mailed to Appellee. For the reasons stated below, we believe the Court of Appeals erred in this conclusion.

### A. Admissibility of Prior Packages of Marijuana Mailed to Appellee

For two reasons we hold that reversible error did not occur as a result of the trial court's pretrial ruling concerning the admissibility of evidence of possible prior mailings of marijuana to Appellee. First, and as will be noted again in the following section of this opinion, even though the trial court ruled that such evidence was admissible, it was never presented to the jury at trial. As such, the trial court's ruling was thereby rendered moot by the Commonwealth's failure to introduce any evidence concerning this allegation. Second, Appellee's defense at trial was that she did not know that marijuana was in the packages, and therefore that she did not *knowingly* traffic in marijuana.

> KRE 404(b) provides in pertinent part: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:

> (1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Appellee's prior receipt of packages that contained marijuana, which she apparently admitted to prior to trial, would be relevant to establish that she knew marijuana was in the package for which she was then on trial. The KRE 404(b) exception permitting the introduction of a prior bad act to show knowledge would be applicable in this case. Evidence that she had previously received packages of marijuana through the mail would have been admissible to rebut her claim that she did not know that the packages contained marijuana. *See Walker v. Commonwealth*, 52 S.W.3d 533, 536 (Ky.2001) (quoting *United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir.1995)) ("When a defendant raises the issue of mental state, whether by a 'mere presence' defense that specifically challenges the mental element of the government's case *or by means of a general denial* that forces the government to prove every element of its case, prior bad acts evidence is admissible because mental state is a material issue.") (emphasis added); *United States v. Matthews*, 440 F.3d 818 (6th Cir. 2006).[1] Therefore, the trial court properly ruled that the evidence was admissible. We, therefore, reverse the decision of the Court of Appeals.

### B. Admissibility of the Prior Investigation and Arrest of Cottrell

■ As previously noted, there is evidence in the record that Cottrell was the subject of an earlier criminal investigation

---

1. *Abrogated on other grounds as recognized in United States v. Love,* 254 Fed.Appx. 511 (6th Cir.2007).

in Ohio, and that he had been arrested on drug charges as a result. Because of the apparent use of Appellee's mailing address, it was that investigation that led police to their investigation into Appellee's activity. Because of that connection, the trial court held that evidence of the Cottrell investigation would be admissible at Appellee's trial, and in fact, such evidence was introduced at her trial, although the prior use of her mailbox was apparently omitted.

We are persuaded that the trial court correctly ruled that the evidence of the Cottrell investigation was admissible. The Commonwealth's theory of the case was that Appellee received the shipments of marijuana for Cottrell. Detective Kappes and Inspector O'Neill testified that when Appellee was first detained outside the UPS store, she admitted that she was picking up marijuana for Cottrell. At trial, however, Appellee denied knowing that the packages contained marijuana. Cottrell's history of trafficking in illegal substances made it substantially more likely that Cottrell was involved in the present alleged drug transaction. Therefore, the evidence was highly relevant in support of the Commonwealth's case, and therefore presumptively admissible. *See* KRE 401; KRE 402.

Appellee contends that the evidence was not admissible under KRE 404(b); however, this rule provides an exception allowing for the admission of prior bad acts to show intent and the overall planning for the crime. *Howard v. Commonwealth,* 787 S.W.2d 264, 266 (Ky.App.1989) (In a prosecution for trafficking in marijuana, proof of another sale of marijuana by the defendant "four months later is evidence of a 'crime similar to, clearly connected with, and not too remote from the one charged[,]'" and is thus "evidence of a plan, scheme, or system and [can] be considered by the jury

in determining the [defendant's] guilt or innocence of the crime with which he [is] charged.").

Cottrell's prior scheme to traffic in drugs fits comfortably within this exception. We are therefore persuaded that the trial court did not err in concluding that the prior drug investigation involving Cottrell was admissible. Accordingly, we hold that the Court of Appeals erred in its conclusion to the contrary.

## III. PROSECUTOR'S MISSTATEMENT OF THE EVIDENCE IN HIS CLOSING ARGUMENT WAS A HARMLESS ERROR

■ During his closing argument the prosecutor told the jury that there had been "already one arrest that came out of a package delivered straight to [Appellee's] house or addressed straight to her house." Although that statement was a reference to Cottrell's previous arrest in Ohio, which was the subject of the suppression hearing discussed above, no evidence had been presented to the jury that the arrest involved a package containing illegal drugs that was mailed to Appellee. Appellee objected, citing the fact that no such evidence had been presented. Unsure of exactly what the jury had heard on that matter, the trial court interrupted the closing argument for a brief recess to discuss the matter with trial counsel and to review the evidentiary record.

A review of the record confirmed Appellee's position that no evidence had been presented to the jury relating to a prior mailing of drugs to Appellee's residence. Thus, the prosecutor's remark was clearly outside the evidence and therefore improper. Appellee requested a mistrial which the trial court declined to grant. Appellee then asked the judge to admonish the jury to "disregard [the prosecutor's] last com-

ment as it spoke about things that are not in evidence."

The judge refused to give the requested admonition, noting that at least some portion of the prosecutor's "last comment" was properly argued. The trial judge said, "I can't do that, I can't admonish them about things that are in testimony. I can't tell them to disregard testimony, actual testimony." Appellee's counsel responded, "He made an improper argument. You can tell them to ignore that last statement, regardless of whether part of it was correct and part of it was incorrect. The part that was incorrect makes the whole part of it incorrect." After further discussion, defense counsel again stated, "My request . . . in light of the fact there is not going to be a mistrial, is that you just tell them to ignore that last comment. . . . That parts of his statement contained things that were not properly before this jury in evidence and move on, move on with the rest of his argument."

The appropriate admonition would have been, as Appellee suggested, for the trial court to have directed the jury to disregard the prosecutor's last comment. Then, the prosecutor could have reconstructed his last comment in a manner consistent with the evidence. Instead, the trial court said nothing to the jury and directed the prosecutor to clarify the matter himself. The prosecutor attempted to do so by saying to the jury:

> After reviewing a tape of the statement, I misspoke. The evidence in this case has been, the testimony has been there was a prior investigation involving Inspector O'Neill and John Cottrell was arrested. The defendant admitted to Inspector O'Neill that she knew John Cottrell had been arrested. John Cottrell was convicted of trafficking in marijuana and that conviction happened before August 31, 2009. Anything else

that the Commonwealth said in my final statement before we broke, you should ignore. I would point that out to you, but honestly I don't even remember what it was it has been so long. What I just reiterated to you is what we have agreed the testimony was and that is what [you] should base your decision on.

The prosecutor's attempt to cure the improper argument was somewhat awkward and problematic. He acknowledged that he had misspoken but he "[didn't] even remember" what it was the jury was to ignore. The jury was never directly told to disregard the statement that Cottrell's prior arrest, like the case then being tried, arose out of a package mailed to Appellee.

The Court of Appeals concluded that the prosecutor's misstatement was "highly prejudicial" and that his effort to correct the mistake was ineffective. Obviously, the Court of Appeals' view of the problem was colored by its corresponding opinion that evidence of Appellee's involvement in Cottrell's prior arrest was inadmissible. However, as discussed in the preceding section of this opinion, the evidence that Appellee's mailbox had been used for a previous shipment of drugs to Cottrell was properly *admissible* as the trial court concluded under KRS 404(b); it was just simply not admitted into evidence.

The fact that the information could have been presented to the jury does not excuse the prosecutor's mistake. *Perry v. Commonwealth*, 390 S.W.3d 122, 134 (Ky.2012) ("it is improper to argue facts not in evidence"). But the flagrancy of the prosecutor's misconduct is somewhat mitigated by the fact that he did not corrupt the trial with evidence that should not be given to the jury. The proper remedy for the error that occurred was the simple admonition by the trial court that Appellee re-

quested. *Rankin v. Commonwealth*, 265 S.W.3d 227, 235–36 (Ky.App.2007).

█ The parsing of the prosecutor's statement to determine if it was totally incorrect or only partially incorrect unduly complicated the matter and greatly exaggerated the difficulty of formulating a proper admonition. Once it became clear that an improper argument had been made, it was error for the trial court to deny the request for an admonition. Delegating the task of correcting the mistake to the prosecutor was an unacceptable alternative. The judge is the neutral and detached authority upon whom the jury must depend for crucial guidance and instruction. Moreover, the jury is presumed to follow admonitions given by the trial court, *Johnson v. Commonwealth*, 105 S.W.3d 430, 441 (Ky.2003). Thus, giving the admonition would have resolved the controversy, and accordingly, it was error for the trial court to have failed to do so.

However, as further explained below, we believe the error was harmless. The statement of fact not in evidence was brief and unaccented. It was spoken in a sentence along with other information without special emphasis. The long recess that followed its utterance attenuated its effect. And although he did so somewhat ineptly, the prosecutor retracted the misrepresentation and restated only the portion of his prior remark that was supported by the admitted evidence. We are satisfied that a reasonable jury would have observed and understood the retraction. Given those factors and the fact that Appellee's guilt was easily established by the evidence that was admitted, we see no reasonable likelihood that the jury was swayed by the error. Accordingly, we can only regard the erroneous failure to admonish the jury as harmless. *See Winstead v. Commonwealth*, 283 S.W.3d 678, 688–89 (Ky.2009) ("A non-constitutional evidentiary error

may be deemed harmless, ... if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error.").

## IV. UNTIMELY DISCLOSURE OF APPELLEE'S INCRIMINATING STATEMENT

█ The Court of Appeals also considered Appellee's argument that her conviction should be reversed because the Commonwealth had improperly delayed the pre-trial disclosure of her oral incriminating statement to investigators that she knew the packages contained marijuana. The Court of Appeals found the delayed disclosure to be a violation of RCr 7.24, albeit a harmless violation. Therefore, its reversal of the conviction was not in any way based upon this discovery violation. Upon discretionary review, the Commonwealth argues that the Court of Appeals erred in concluding that a violation occurred. Appellee argues that the Court of Appeals correctly concluded that the late disclosure was error, but wrongly concluded that the error was harmless.

█ At trial, and pursuant to RCr 7.24, the judge issued a discovery order requiring the Commonwealth to provide Appellee with copies of any "oral incriminating statement" of the accused. After an original trial date had been cancelled, and a few weeks before the new trial date, the Commonwealth provided defense counsel with Inspector O'Neill's report containing Appellee's incriminating oral statement. This disclosure occurred after the passing of the deadline set by the trial court for such disclosures. Appellee moved *in limine* to suppress the statement because its late disclosure violated RCr 7.24 and the trial court's discovery order. The trial court denied the motion and Inspector O'Neill was allowed to testify as to the oral statement. We agree with Appellee, and the

Court of Appeals that the Commonwealth's late disclosure was a violation of RCr 7.24. However, we also agree that the late disclosure was harmless.

It should be obvious that a defendant in a criminal case is entitled to receive the disclosures required by RCr 7.24 within a sufficient time prior to trial so that he may have "had a reasonable opportunity to defend against the premise." *Barnett v. Commonwealth,* 763 S.W.2d 119, 123 (Ky. 1988). However, RCr 7.24(9) provides the trial court wide latitude in addressing discovery issues, including the late disclosure of discovery material. We agree with the Court of Appeals that Appellee's receipt of the critical information, albeit after the disclosure deadline, was far enough in advance of the trial to prevent any prejudicial effect. *See Akers v. Commonwealth,* 172 S.W.3d 414, 417 (Ky.2005) ("The trial court has broad remedial powers under RCr 7.24(9).... '[A] discovery violation justifies setting aside a conviction only where there exists a reasonable probability that had the evidence been disclosed the result at trial would have been different.' ") (citations omitted).

## V. CONCLUSION

For the foregoing reasons, the decision of the Court of Appeals is reversed and the judgment of the Kenton Circuit Court is reinstated.

MINTON, C.J., ABRAMSON, CUNNINGHAM, KELLER, SCOTT and VENTERS, JJ., concur. NOBLE, J., dissents because the erroneous admission of evidence of Cottrell's prior crime and the prosecutor's comment upon it were not harmless and require reversal.