RENDERED:  MARCH 27, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1422-MR

LEE M. CAMPBELL                                                      APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MELISSA L. BELLOWS, JUDGE
ACTION NO. 20-CR-001972

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, L. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Lee M. Campbell ("Campbell") appeals from the Jefferson Circuit Court's judgment and sentence following his conditional guilty plea, reserving his right to appeal from the court's denial of several pre-trial motions. Finding no error, we affirm.

# BACKGROUND

In December of 2020, Campbell was indicted by a Jefferson County Grand Jury for first-degree aggravated trafficking in a controlled substance (28 grams or more of fentanyl), second-degree manslaughter, possession of a handgun by a convicted felon, possession of drug paraphernalia, trafficking in marijuana, and illegal delivery or manufacture of drug paraphernalia. As part of the investigation that led to the indictment, Detective Preston Eisenback ("Eisenback") of the Shively Police Department executed a search warrant on Campbell's residence. In his affidavit for the search warrant, Eisenback said that a confidential informant had identified Campbell as a heroin/fentanyl dealer and that Eisenback had "done multiple buys in the past few weeks with Lee M. Campbell selling heroin/fentanyl." Eisenback also said that the purchased narcotics had been tested and confirmed as fentanyl.

During discovery, Campbell made several requests for the Commonwealth to produce the dates of the alleged drug buys testified to in the affidavit, as well as the corresponding drug test results. He later moved to compel production of the same through a *pro se* "Motion for a More Specific Bill of Particulars," which was denied and is one of the rulings on appeal.

With this discovery, Campbell sought to challenge the validity of the search warrant (and the indictment) based upon what he believed were false or

misleading statements in the affidavit. Specifically, Campbell interpreted Eisenback's statement that "[t]his detective has done multiple buys in the past few weeks with Lee M. Campbell selling heroin/fentanyl" as claiming that Eisenback had personally purchased drugs from Campbell, which Campbell denied. He also objected to the allegation that Campbell "was convicted of delivering/manufacturing/possessing cocaine, heroin, or another narcotic on multiple occasions in Michigan." Campbell filed a motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676, 57 L. Ed. 2d 667 (1978), and a motion to dismiss the indictment based upon these alleged false statements, which were both denied. Both rulings are on appeal.

Finally, Campbell filed numerous *pro se* motions throughout the case, including while represented by counsel. At several points, Campbell requested to act as hybrid counsel and for the court to hold a hearing pursuant to *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). The final issue on appeal concerns whether the trial court erred in failing to hold a *Faretta* hearing on Campbell's request to be hybrid counsel.

Ultimately, Campbell entered a conditional guilty plea (reserving his right to appeal the above issues) to second-degree manslaughter and was sentenced to ten years in prison. This appeal followed.

## ANALYSIS

Campbell first argues the trial court erred in failing to hold a *Faretta* hearing following his request to act as hybrid counsel.[1] *Matthews v. Commonwealth*, 168 S.W.3d 14, 23 (Ky. 2005) is instructive. In that case, the trial court granted the defendant's request to act as co-counsel so that he could file his own motions without holding a *Faretta* hearing. On appeal, the defendant argued that this was error. Our Supreme Court rejected this claim, noting that

> Unlike the defendants in . . . *Faretta*, and similar cases, [the defendant] did not participate as counsel at trial in front of the jury. He did not ask questions of the witnesses nor did he make opening or closing statements. His only participation upon being made co-counsel was to file pro se motions and, like other defendants, confer with his counsel. [The defendant] never waived his right to counsel in any manner. No *Faretta* hearing was required in this circumstance.

*Id.* at 23.

Similarly, under the circumstances here, *Faretta* has no application. Campbell's only participation as "hybrid" counsel was to file motions. He never waived his right to counsel in any manner. Perhaps most importantly, Campbell had the full benefit of counsel when he entered his plea agreement. We find no error by the trial court.

---

[1] Our standard of review when a defendant alleges that, given certain undisputed facts, the trial court erred as a matter of law in failing to hold a *Faretta* hearing is *de novo*. *Commonwealth v. Martin*, 410 S.W.3d 119, 122 n.1 (Ky. 2013).

Campbell next argues that the trial court erred in denying his motion for discovery.[2]  As noted above, Campbell made several requests for the Commonwealth to produce the dates of the drug buys testified to in the affidavit for the search warrant, as well as the corresponding field test results.  Campbell sought to prove that Eisenback did not personally purchase drugs from him, which he believed would invalidate the warrant and lead to dismissal of the indictment.  Campbell argues he is entitled to this evidence under RCr[3] 7.24(1) and (2).

"Our standard of review in matters involving a trial court's rulings on evidentiary issues and discovery disputes is abuse of discretion."  *Manus, Inc. v. Terry Maxedon Hauling, Inc.*, 191 S.W.3d 4, 8 (Ky. App. 2006) (citations omitted).  "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citation omitted).

"In Kentucky, RCr 7.24 defines the scope of discovery in criminal proceedings."  *Stieritz v. Commonwealth*, 671 S.W.3d 353, 367 (Ky. 2023).  Additionally, trial courts have broad discretion in addressing discovery matters.

---

[2] Campbell's *pro se* motion was actually titled "Motion for a More Specific Bill of Particulars" but the trial court treated it as a motion to compel discovery, so we will treat it as such on appeal.

[3] Kentucky Rules of Criminal Procedure.

*See Commonwealth v. Tramble*, 409 S.W.3d 333, 340 (Ky. 2013); *Commonwealth v. Nichols*, 280 S.W.3d 39, 43 (Ky. 2009). Under RCr 7.24(1), upon written request from the defendant, the Commonwealth must allow a defendant to inspect "results or reports of . . . scientific tests or experiments made in connection with the particular case . . . that are known by the attorney for the Commonwealth to be in the possession, custody or control of the Commonwealth[.]" Relatedly, RCr 7.24(2) states that on motion of the defendant, the court may order the Commonwealth to allow the defendant to inspect "papers, documents, [or] data" in the Commonwealth's possession "upon a showing that the items sought may be material to the preparation of the defense and that the request is reasonable."

Here, the trial court did not abuse its discretion in denying Campbell's discovery requests. By Campbell's own admission,[4] "none of [his discovery] requests concerned proof that CI buys had occurred." He only sought "evidence that Detective Eisenback had personally carried out any of the actions attributed to him in the search warrant affidavit." The Commonwealth readily admits that Eisenback did not personally perform the drug buys.[5] Thus, evidence of such is nonexistent. We cannot find that the trial court erred in failing to require the

---

[4] Reply Brief, page 2.

[5] We would note that at the May 25, 2024, pretrial conference, the Commonwealth plainly stated that a CI performed the drug buys.

Commonwealth to turn over something it does not have. *See Slone v. Commonwealth*, No. 2013-SC-000446-MR, 2014 WL 5410289, *6 (Ky. Oct. 23, 2014) ("The rules for discovery in criminal cases do not require the Commonwealth to disclose information it does not have.").

Further, even if the evidence exists and Campbell is entitled to it, he has failed to show a "reasonable probability that if the evidence were disclosed the result would have been different." *Chestnut v. Commonwealth*, 250 S.W.3d 288, 297 (Ky. 2008) (citations omitted). With his discovery request, Campbell sought to challenge the validity of the search warrant and, ultimately, the suppression of the evidence found pursuant to the search warrant. If successful, this would have led only to a dismissal of his charges for first-degree aggravated trafficking in a controlled substance (28 grams or more of fentanyl), possession of a handgun by a convicted felon, possession of drug paraphernalia, trafficking in marijuana, and illegal delivery or manufacture of drug paraphernalia. These charges were, in fact, dismissed pursuant to Campbell's plea agreement. Campbell would have still faced the charge of second-degree manslaughter, which was based on different facts and evidence. It was this charge that Campbell pled guilty to. Thus, we fail to see any prejudice.

Campbell next argues the trial court erred in denying his motion for a *Franks* hearing. On appeal, Campbell identifies three purported false statements in

the affidavit for search warrant that he claims entitle him to a *Franks* hearing. First, he points to an alleged discrepancy between Eisenback's statement in his affidavit that "[t]his detective has done multiple buys in the past few weeks with Lee M. Campbell selling heroin/fentanyl" (which Campbell interprets to mean that Eisenback personally bought the drugs) and his hearing testimony that the only time he spoke to Campbell was on October 14, 2020, the day of his arrest. Campbell believes these statements are at odds. If the only time Eisenback had spoken with him was on the day of his arrest, how could he have personally purchased drugs from him previously?

Second, Campbell challenges Eisenback's statement that "[t]he illegal narcotics that were purchased were tested and confirmed as fentanyl." He claims this is false because the Commonwealth has not produced the field test results. Finally, he questions Eisenback's statement that the "NCIC shows that [Campbell] was convicted of delivering/manufacturing/possessing cocaine, heroin, or another narcotic on multiple occasions in Michigan." Campbell argues that Eisenback intentionally lied about a previous heroin conviction to support the affidavit. In support, he has tendered a screenshot of his Michigan criminal history showing convictions for possession of cocaine, but no conviction for possession of heroin.

Our standard of review of a trial court's denial of a *Franks* hearing is twofold: we review its findings of fact for clear error and its conclusions of law *de*

*novo*. *United States v. Bateman*, 945 F.3d 997, 1007 (6th Cir. 2019) (citations

omitted). Affidavits supporting search warrants are presumptively valid. *Franks*

*v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684, 57 L. Ed. 2d 667 (1978).

Therefore, to qualify for an evidentiary hearing, a defendant must make a

"substantial preliminary showing" of falsity. *Id.* at 155, 98 S. Ct. at 2676.

Conclusory allegations are not enough. *Id.* at 171, 98 S. Ct. at 2684. Neither are

"[a]llegations of negligence or innocent mistake[.]" *Id.* "There must be

allegations of deliberate falsehood or of reckless disregard for the truth, and those

allegations *must be accompanied by an offer of proof*." *Franks*, 438 U.S. at 171,

98 S. Ct. at 2684 (emphasis added). The allegations

> should point out specifically the portion of the warrant
> affidavit that is claimed to be false; and they should be
> accompanied by a statement of supporting reasons.
> Affidavits or sworn or otherwise reliable statements of
> witnesses should be furnished, or their absence
> satisfactorily explained.

*Franks*, 438 U.S. at 171, 98 S. Ct. at 2684.

Here, Campbell's allegations are merely conclusory. His allegation

that Eisenback lied about the drug buys is based solely on his interpretation that

Eisenback's statement, "[t]his detective has done multiple buys in the past few

weeks with Lee M. Campbell selling heroin/fentanyl[,]" must mean that Eisenback

personally purchased the drugs. An alternative interpretation is that Eisenback

oversaw the drug buys that a CI performed. Even conceding Campbell's

interpretation, he has offered no reliable proof that the statement was made intentionally or with reckless disregard for the truth. Allegations of negligence or innocent mistake are not sufficient to warrant a *Franks* hearing.

As to Eisenback's statement that "[t]he illegal narcotics that were purchased were tested and confirmed as fentanyl[,]" Campbell has similarly offered no reliable proof of even falsehood, much less deliberate falsehood. He simply claims that there is no evidence confirming the field test results. Campbell has not met the "substantial preliminary showing of falsity" to be entitled to a *Franks* hearing on this accusation. 438 U.S. at 170, 98 S. Ct. at 2684.

Finally, Campbell challenges the claim that his Michigan criminal history includes convictions for "delivering/manufacturing/possessing cocaine, heroin, or another narcotic on multiple occasions in Michigan." In support, he has inserted a screenshot that purports to show a Michigan conviction for delivering/manufacturing/possession cocaine. He contends he has no similar conviction for heroin, and thus, Eisenback must have manufactured it to support his affidavit for a search warrant. Again, Campbell has offered no reliable proof of deliberate falsehood. Even assuming Eisenback's statement was incorrect, Campbell has not shown that the statement was not the result of negligence, as opposed to reckless disregard for the truth. The trial court did not err in failing to hold a *Franks* hearing.

-10-

Campbell last argues that the trial court failed to hold a hearing to determine whether false or misleading information was provided to the grand jury. Eisenback testified before the grand jury consistent with the facts in his search warrant affidavit. Lee filed a motion to dismiss the indictment, reasserting that Eisenback falsely claimed to have personally purchased drugs from him and that the purchased drugs tested as fentanyl. The trial court denied the motion on the basis that it had already found that Campbell had not shown that Eisenback made a knowingly false statement in his search warrant affidavit.

"Courts are extremely reluctant to scrutinize grand jury proceedings as there is a strong presumption of regularity that attaches to such proceedings." *Commonwealth v. Baker*, 11 S.W.3d 585, 588 (Ky. App. 2000) (citations omitted). "A court may utilize its supervisory power to dismiss an indictment where a prosecutor knowingly or intentionally presents false, misleading or perjured testimony to the grand jury that results in actual prejudice to the defendant." *Id.* (citations omitted). The defendant bears the burden of proof.

Here, Campbell has not shown that the prosecutor knowingly or intentionally presented false, misleading, or perjured testimony to the grand jury. As with his motion for a *Franks* hearing, Campbell has only offered conclusory allegations, unsupported by reliable proof of falsity. Thus, we find no error in the

-11-

trial court's failure to hold a hearing on these allegations or its denial of his motion to dismiss the indictment.

## CONCLUSION

Wherefore, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky