MANUS, INC., Appellant

v.

TERRY MAXEDON HAULING, INC., Appellee.

No. 2004–CA–002472–MR.

Court of Appeals of Kentucky.

March 31, 2006.

Henry Watson III, Paris, KY, for Appellant.

Jed K. Deters, Crestview Hills, KY, for Appellee.

Before: GUIDUGLI and SCHRODER, Judges; MILLER, Senior Judge.[1]

*OPINION*

GUIDUGLI, Judge.

Manus, Inc. (hereinafter "Manus") has appealed from the Harrison Circuit Court's August 12, 2004, order denying its motion to set aside a prior ruling that denied its motion to set aside an order deeming Requests for Admissions as admitted, granted a summary judgment to Terry Maxedon Hauling, Inc. (hereinafter "Maxedon Hauling"), and entered a judgment in favor of Maxedon Hauling for $37,040, plus 18% interest. We affirm.

This case has a rather convoluted procedural history in both the circuit court and this Court, which is important for a full understanding of the issues on appeal. On February 27, 2002, Maxedon Hauling filed suit against Manus and the Commonwealth of Kentucky to enforce a mechanic's lien for labor and materials it supplied as a subcontractor for a construction project Manus entered into with the Commonwealth. The amount Maxedon Hauling claimed due was $37,040, as well as interest at a rate of 18% since September 1, 2001. Manus filed an answer and a cross-claim against the Commonwealth, alleging that the Commonwealth had refused payment for work associated with Maxedon Hauling's claim. The circuit court later dismissed the Commonwealth as a party to Maxedon Hauling's case and transferred Manus's cross-claim against the Commonwealth to Franklin Circuit Court.

In November 2003, counsel for Manus moved to withdraw. The circuit court granted this motion on December 17, 2003, and allowed Manus thirty days to retain new counsel. A few weeks earlier, Jed K. Deters filed a notice of substitution for Maxedon Hauling, in place of original counsel C. Donald Wells. On January 29, 2004, through its new counsel, Maxedon Hauling propounded Requests for Admissions on Manus, mailing the discovery request to Gayle Sherrod, the president of Manus. Charles W. Arnold then entered an appearance for Manus on February 11, 2004. By March 12, 2004, Manus had not

---

1. Senior Judge John D. Miller, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

responded to Maxedon Hauling's discovery requests, leading to the filing of a motion to deem the Requests for Admissions as being admitted. Manus, through counsel, neither objected to nor appeared at the hearing on the motion. Therefore, on April 7, 2004, the circuit court granted Maxedon Hauling's motion and deemed the Requests for Admissions as having been admitted.[2] On the basis of those admissions, Maxedon Hauling moved later that month for a judgment on the pleadings, which was treated as a motion for summary judgment. In response, Manus moved the circuit court to set aside its April 7th order and to overrule Maxedon Hauling's motion for a judgment on the pleadings, citing excusable neglect. In support of its motion, Manus filed several affidavits regarding the circumstances of the failure to respond to the Requests for Admissions. Manus also tendered its late response to the Requests for Admissions.

At a May 4, 2004, hearing, the circuit court opted to reserve its ruling on the pending motions until June 1, 2004, to allow the parties to discuss the options available to them. However, counsel for Manus failed to appear at the June 1, 2004, court date. Accordingly, the circuit court entered the following Findings/Conclusions/Order on June 8, 2004:

> There are Two (2) Motions pending before the Court in this matter. The first is a Motion by Plaintiff for Judgment on the Pleadings, or Summary Judgment. The Second is a Motion by Defendant to set aside the April 6, 2004 Order of this Court and to overrule Plaintiff's Motion for Summary Judgment.
>
> The Order of April 6, 2004, which Defendant seeks to set aside, is an Order deeming Plaintiff's Requests for Admissions as "admitted". Defendant

failed to respond to Plaintiff's discovery requests within the time allotted by the Civil Rules. Plaintiff filed a Motion seeking the Requests for admissions as "admitted". Defendant failed to appear for, or assert any defense to, this Motion and the same was Sustained by the Court on April 6, 2004. That Order is in the file.

> Based upon the Order of April 6, 2004, Plaintiff filed a Motion for Judgment on the Pleadings, which is in essence, a Motion for Summary Judgment, to be heard May 4, 2004. In response to that Motion, Defendant filed a Motion to set aside the April 6, 2004 Order and to Overrule the Motion for Summary Judgment, both to be heard on May 4, 2004.
>
> The parties both appeared, through counsel, on May 4, 2004 to argue their positions. The Court then rescheduled the matter for June 1, 2004 to allow the parties time to discuss options, allow Defendant's counsel to [familiarize] himself with the file, and to discuss settlement possibilities.
>
> The matter was called on June 1, 2004 for ruling on the various Motions. Plaintiff was present, through counsel. Defendant was not represented. Plaintiff's counsel represented to the Court that Defendant's counsel had contacted him that morning and was told that Defendant's counsel had forgotten about the appearance. He was requesting a continuance. Plaintiff's counsel did not object. The Court noted that the Order to appear was prepared by Defendant's counsel.
>
> Now Therefore, having reviewed the pleadings in their entirety, and recalling the arguments of counsel of May 4, 2004, the Court being otherwise sufficiently advised in all ways;

2. The order was signed on April 6th, but not entered into the record until April 7th.

1. Based upon the Pleadings, there exists no genuine issue of material fact, and Plaintiff is entitled to Summary Judgment as a matter of law.

2. The Affidavits in support of overruling the Motion for Summary Judgment reference meritorious defenses to Plaintiff's claims but none are specifically asserted.

3. The Answer to the Complaint, the attachments, and the Requests for Admissions, deemed admitted, establish a contractual relationship between the parties for construction to the Community and Technical College System in Cynthiana, Kentucky, and a breach thereof for non-payment.

4. The Answer to the Complaint, the various attachments, and the Requests for Admissions, deemed admitted, further establish that the value of the services provided to Defendant is $37,040.00, plus interest at the rate of Eighteen (18%) percent per annum, from September 1, 2001, until paid.

5. There are no just set-offs or credits alleged or asserted.

6. The Defendant's Responses to Requests for Admissions, tendered to Plaintiff, out of time, on April 29, 2004, sufficiently establish, by themselves, the contractual relationship between the parties, the breach thereof, and the amount due Plaintiff, as well as a Novation of the amount due from $40,040.00 per the contract, to $37,040.00 due by agreement.

7. Failure to appear on two occasions is not excusable neglect and is unacceptable by the Court.

IT IS THEREFORE HEREBY ORDERED as follows:

A. The Defendants Motion to Set Aside the Order of April 6, 2004 is hereby OVERRULED.

B. The Plaintiff's Motion for Summary Judgment is hereby GRANTED.

C. Judgment is rendered in favor of Plaintiff in the amount of $37,040.00, together with interest thereon at the rate of Eighteen (18%) percent per annum, from and after September 1, 2001, until paid.

D. All claims in controversy being decided, there being no just cause for delay, this is a final and appealable Order.

On June 16, 2004, Manus moved the circuit court to set aside its June 8th order, arguing that counsel thought the motion would be passed to the next docket and that it had a legitimate defense in the dispute. The circuit court denied the motion in an order entered on August 12, 2004, but apparently not served on counsel for Manus until October 28, 2004. This appeal followed.[3]

On appeal, Manus argues that the case was not ripe for summary judgment as there remained a disputed fact regarding the nature of the earth removed, which apparently affects the amount of money due, that the circuit court should have held a CR 55.01 hearing to determine the amount of damages and pre-judgment interest due, and that the circuit court should have vacated its order deeming the admissions as admitted and granting a summary judgment. Maxedon Hauling disputes Manus's arguments in its brief, noting that the factual issue regarding the type of earth removed did not arise until after the notice of appeal was filed.

---

3. Henry Watson III entered an appearance for Manus with this Court on March 31, 2005, and has prosecuted the present appeal. Max-edon Hauling contested the timeliness of the appeal in a motion to dismiss that a three-judge panel denied on May 13, 2005.

We shall first address a procedural issue that will impact what issues are available for review by this Court. After the notice of appeal was filed, Manus filed, with the circuit court, a CR 60.02 motion for relief and for a hearing to determine damages. In that motion, Manus argued for the first time that the circuit court's June 8, 2004, order was not supported by any evidence of damages due as the price was never agreed upon, and that an award of 18% interest was not supported by the proof. Manus requested a hearing on the issue of damages, as well as time to discover what per unit price for removal was agreed to by the parties and should be awarded. The present appeal was held in abeyance pursuant to CR 60.04 pending a ruling by the circuit court on the pending motion. Maxedon Hauling objected to the CR 60.02 motion, which the circuit court denied on August 24, 2005. The present appeal was returned to the active docket on September 20, 2005, after which the parties filed their respective briefs. Manus did not file a notice of appeal from the August 24, 2005, order, but rather argued the issues presented in its motion in the brief it filed in support of this appeal. This is clearly improper, as Manus should have filed a separate appeal from the CR 60.02 ruling. Therefore, we shall ignore Manus's arguments relating to the subject of the CR 60.02 motion, which would include his arguments that an issue of fact existed regarding the nature of the earth removed and that the circuit court should have held a hearing on damages and the amount of interest to be awarded. This Court shall only address Manus's third argument, namely, whether the circuit court abused its discretion in deeming the Requests for Admissions as admitted or erred in granting summary judgment in favor of Maxedon Hauling.

We shall first address the circuit court's refusal to set aside its order deeming Maxedon Hauling's Requests for Admissions as admitted due to Manus's failure to respond. Our standard of review in matters involving a trial court's rulings on evidentiary issues and discovery disputes is abuse of discretion.[4] "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[5] CR 36 details the procedure for obtaining requests for admission. Pursuant to CR 36.01, "[t]he matter is admitted unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]" CR 36.02 provides:

Any matter admitted under Rule 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

In the present matter, we cannot identify any abuse of discretion in the circuit court's decision not to set aside its order deeming the Requests for Admission as admitted. Maxedon Hauling served the discovery request well after the expiration of the thirty-day time period the circuit

---

4. *Sexton v. Bates,* 41 S.W.3d 452 (Ky.App. 2001); *Goodyear Tire and Rubber Co. v. Thompson,* 11 S.W.3d 575 (Ky.2000).

5. *Id.* at 581.

allowed Manus to retain new counsel and there is no dispute that Manus's president received the request. Furthermore, new counsel entered his appearance during the time the discovery response was pending. When Manus failed to file its response to the discovery request within thirty days after service pursuant to the Civil Rules, Maxedon Hauling waited almost two more weeks before moving the circuit court to deem the Requests for Admissions as admitted. At this point, new counsel had been in the case for one month. However, Manus did not object in writing to the motion or appear at the motion hour through counsel to object. It was not until after Maxedon Hauling moved for a judgment on the pleadings that counsel for Manus responded at all. However, counsel for Manus then failed to attend the June 1st hearing, having been specifically warned that a second failure to appear would result in the summary judgment being entered. Furthermore, we note that Manus did not attempt to withdraw the admissions pursuant to CR 36.02. Based upon the circumstances of this case, we hold that the circuit court did not abuse its discretion in either deeming the Requests for Admissions as admitted due to Manus's failure to respond, or in denying Manus's motion to set aside that ruling.

Next, we shall address the circuit court's entry of a summary judgment in favor of Maxedon Hauling. The standard of review we must apply to the appeal of a summary judgment is well settled in this Commonwealth:

The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact

and that the moving party was entitled to judgment as a matter of law." The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." The trial court "must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." While the Court in *Steelvest[, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476 (Ky.1991),] used the word "impossible" in describing the strict standard for summary judgment, the Supreme Court later stated that that word was "used in a practical sense, not in an absolute sense." Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue de novo.[6]

 In the present matter, the circuit court based its decision on several portions of the record, not solely on the deemed admissions. Manus admitted that a contractual relationship existed between the two parties in its Answer to Maxedon Hauling's Complaint, when it admitted paragraph 2, which provides:

On and after 16 August 2001, the Plaintiff, Terry Maxedon Hauling, Inc. supplied labor and materials upon the order

6. *Lewis v. B & R Corporation,* 56 S.W.3d 432, 436 (Ky.App.2001) (citations in footnotes omitted).

of Defendant Manus, Inc., a Kentucky corporation, which served to improve Defendant Commonwealth of Kentucky's property as an integral part of construction of an improvement to the Community and Technical College System in Cynthiana, Kentucky.

The circuit court also relied upon the Requests for Admissions that were deemed admitted:

1. Please admit or deny that Plaintiff, Terry Maxedon Hauling, Inc., invoiced Manus, Inc., for $40,040.00 for Footing Rock Excavation on the Maysville Community College job, the subject of this litigation.

2. Please admit or deny that, following a meeting between representatives of both Plaintiff and Defendant, Maxedon agreed to adjust its invoice of $40,040.00 downward by $3,000.00.

3. Please admit or deny that the adjustment of $3,000.00 was contingent on the immediate payment of the remaining balance of $37,040.00.

4. Please admit or deny that the document attached hereto as Exhibit "A" is a copy of the invoice that takes the $3,000.00 adjustment into account.

5. Please admit or deny that Defendant, Manus, Inc., agreed that, after the $3,000.00 adjustment referenced above, the remaining total amount due Terry Maxedon Hauling, Inc., in the amount of $37,040.00, was reasonable.

6. Please admit or deny that Defendant, Manus, Inc., agreed to pay Terry Maxedon Hauling, Inc. the amount of $37,040.00 as full and final payment due for the job in question.

7. Please admit or deny that Manus, Inc., agreed to pay the amount of $37,040.00 as soon as Manus, Inc. was paid this amount by the Commonwealth of Kentucky, the "Owner" of the property being improved.

8. Please admit or deny that Manus, Inc. has been paid by the Commonwealth of Kentucky for the work outlined in the invoice attached here as Exhibit "A".

The admission in the Answer to the complaint as well as the deemed admissions eliminated any factual issues, including the amount of damages owed. We also note that the circuit court reviewed Manus's late-tendered response to the Requests for Admissions, in which it admitted the existence of the invoice and that the two parties had reached an agreement to adjust the amount of the invoice. Furthermore, Manus failed to present any affirmative evidence to show that there were any disputed facts still at issue. While the affidavits filed by Manus state that a defense to the claim existed, nowhere is this defense in any manner identified. The circuit court did not commit any error in granting a summary judgment in favor of Maxedon Hauling.

For the foregoing reasons, the judgment of the Harrison Circuit Court is affirmed.

ALL CONCUR.