RENDERED:  AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1009-MR

CLAY FULLER                                               APPELLANT

v.
APPEAL FROM MADISON CIRCUIT COURT
HONORABLE JEFFREY C. MOSS, JUDGE
ACTION NO. 14-CI-50198

CLARK D. PERGREM AND APRIL D.
PERGREM                                                  APPELLEES

OPINION
REVERSING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND McNEILL, JUDGES.

DIXON, JUDGE:  Clay Fuller appeals from the order regarding a motion to

compel, motion for protective order, and motion to quash subpoena, and the order

of more specific findings entered by the Madison Family Court on May 17, 2021,

and July 29, 2021, respectively.  Following review of the record, briefs, and law,

we reverse.

## FACTS AND PROCEDURAL BACKGROUND

In 2016, as part of the dissolution of marriage action between Clark D. Pergrem and April D. Pergrem, the trial court ordered Clark to pay monthly maintenance for ten years or until April "remarries or cohabitates with a non-relative male." Around that time, April began dating Clay Fuller. As a result, in 2020, Clark moved the trial court to terminate his maintenance obligation on the ground that April cohabitates with Clay. Subsequently, a hearing was held wherein the trial court determined that in order to alter or terminate maintenance, Clark must establish that April's relationship with Clay impacts her finances. Consequently, April was ordered to provide detailed financial information. Even so, she denies cohabitation with Clay.

Clark also deposed Clay – a nonparty – to determine how much Clay contributed financially to April. Clay testified that both he and April maintain separate residences without any financial assistance from one another and that they are not cohabitating. He further testified that they take turns buying meals for one another – although he did not support this with specific occasions and corresponding dollar amounts – which basically evened out so that neither person received an economic benefit. Clay admitted he went on trips and vacations with April but asserted each of them essentially paid their own way. However, Clark was not satisfied with the quality of Clay's answers, describing them as vague.

Thereupon, Clark subpoenaed Clay's financial records from four different financial institutions for the past two years and moved the trial court to compel the production of this information. Clay moved the trial court for a protective order pursuant to CR 26.03, and to quash the subpoenas seeking his financial documents.

On May 17, 2021, following a hearing on these matters, the trial court entered an order requiring that Clay produce the requested statements from his financial institutions, but only for the previous year. Clay moved the trial court to reconsider, alter, amend, or vacate its order and for more specific findings of fact. On July 29, 2021, the trial court entered more specific findings but denied Clay's motion. This appeal followed.

## STANDARD OF REVIEW

"Our standard of review in matters involving a trial court's rulings on evidentiary issues and discovery disputes is abuse of discretion." *Manus, Inc. v. Terry Maxedon Hauling, Inc.*, 191 S.W.3d 4, 8 (Ky. App. 2006). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

## ANALYSIS

On appeal, Clay contends Clark has already received all relevant information concerning whether Clay's relationship with April constitutes a continuing and substantial change in circumstances as a new financial resource. However, we hold Clark is not entitled to these records under the clear terms of the Court's maintenance order. The order establishing maintenance provides, as previously noted, such payments would cease in the event April "remarries or *cohabitates* with a non-relative male". (Emphasis added.) "Cohabitation" is defined in BLACK'S LAW DICTIONARY, 5th Edition, as: "To live together as husband and wife. The mutual assumption of those marital rights, duties, and obligations which are usually manifested by married people, including but not necessarily dependent on sexual relations." Here, as in *Cook v. Cook*, 798 S.W.2d 955 (Ky. 1990), the pivotal issue is not whether a change of circumstances exists but, rather, whether "cohabitation" occurred so as to terminate maintenance under the Court's maintenance order. Until this is established, Clark is certainly not entitled to Clay's personal financial documents. Accordingly, the trial court abused its discretion in ordering Clay to produce them.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Madison Family Court are REVERSED.

-4-

ALL CONCUR.

BRIEFS FOR APPELLANT:

Eileen M. O'Brien
Lexington, Kentucky

BRIEF FOR APPELLEE CLARK D. PERGREM:

Seth R. Thomas
Nicholasville, Kentucky