RENDERED:  OCTOBER 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1400-MR

PATRICK CHRISTOPHER NOBLE                     APPELLANT

v.
           APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 19-CR-00559-002

COMMONWEALTH OF KENTUCKY                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND L. THOMPSON, JUDGES.

DIXON, JUDGE:  Patrick Christopher Noble appeals from the judgment and sentence on his conditional guilty plea entered by the Fayette Circuit Court on November 23, 2021.  Following a careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Patrick Christopher Noble is an uncle by marriage to Crystal Annette Secrest. Secrest is the biological mother of E.C.E., who was eight years old at the time the abuse described herein occurred. When Noble, Secrest, and her children lived in Indiana, Secrest forced E.C.E. to watch her perform oral sex on Noble and then do the same. Secrest[1] also took explicit pictures of E.C.E. In 2018, Secrest and her children moved to Lexington, Kentucky. Unfortunately, however, Noble's and Secrest's abuse of E.C.E. continued in Kentucky where she was repeatedly forced to perform oral sex on Noble and pose for nude pictures.

E.C.E. eventually told her babysitter what Noble – whom she referred to as "Uncle Pat"[2] – and Secrest did to her, and the babysitter reported the abuse to police. Police later visited Secrest and observed text messages exchanged between Secrest and Noble – who was identified in Secrest's phone as "Sexy Devil." Noble texted Secrest to "delete and hide cell." Secrest disassembled and left her cell phone behind when she went to the police station for interrogation. Police obtained a warrant, examined Secrest's phone, and found 18 images of E.C.E. portraying a sexual performance.

---

[1] E.C.E. testified that Noble and Secrest made her pose for elicit pictures. Likely because Noble was arrested three months *after* Secrest, no pictures of E.C.E. were found in Noble's possession. It was discovered that 263 images were removed from his phone, but they were unrecovered.

[2] E.C.E. also testified that Noble and Secrest referred to Noble as "Master," Secrest as "Scorp," and E.C.E. as "Princess" and made her use these names as well.

Noble and Secrest were ultimately indicted together – Noble for one count of first-degree sodomy with a victim under 12 years of age, and Secrest for one count of promoting sexual performance by a minor under 16 years old, one count of first-degree facilitation to sodomy, 18 counts of possessing matter portraying sexual performance by a minor, two counts of endangering the welfare of a minor, and two counts of fourth-degree assault. Noble moved the trial court to sever all of Secrest's counts except the facilitation to sodomy. The Commonwealth responded, noting Noble texted Secrest for a "pic . . . but not of you." That text, coupled with the one instructing Secrest to delete and hide her phone and E.C.E.'s testimony, shows Noble had knowledge of the pictures of E.C.E. and demonstrates the counts were "based on the same acts or transactions connected together or constituting parts of a common scheme or plan." RCr[3] 6.18. After a hearing, and by agreement of the parties, the trial court severed only Secrest's two counts of endangering the welfare of a minor and two counts of fourth-degree assault.

The Commonwealth filed notice of its intent to introduce evidence of other crimes, wrongs, or acts at trial in the form of testimony relating to the acts perpetrated against E.C.E. in Indiana to prove "opportunity, intent, . . . plan,

---

[3] Kentucky Rules of Criminal Procedure.

knowledge, identity, or absence of mistake or accident" pursuant to KRE[4] 404(b). The Commonwealth asserted that evidence concerning the Indiana acts was "so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party." *Id.* Unsurprisingly, Noble and Secrest objected to introduction of this evidence. The trial court deemed the evidence admissible, however, to show a common purpose or scheme, specifically finding the probative value outweighed any prejudicial effect.

Following these rulings, Noble petitioned the trial court to enter his conditional guilty plea. After the judgment and sentence was entered on his conditional guilty plea, this appeal followed.

## STANDARD OF REVIEW

We review a trial court's denial of a motion to sever for abuse of discretion. *Quisenberry v. Commonwealth*, 336 S.W.3d 19 (Ky. 2011); *Parker v. Commonwealth*, 291 S.W.3d 647 (Ky. 2009); *Bratcher v. Commonwealth*, 151 S.W.3d 332 (Ky. 2004). Likewise, our standard of review for a trial court's rulings on evidentiary issues is whether the trial court abused its discretion. *Manus, Inc. v. Terry Maxedon Hauling, Inc.*, 191 S.W.3d 4 (Ky. App. 2006). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable,

---

[4] Kentucky Rules of Evidence.

unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

## ANALYSIS

On appeal, Noble first argues the trial court erred by refusing to sever from the indictment Secrest's count of promoting sexual performance by a minor under 16 years old and counts for possessing matter portraying sexual performance by a minor. Noble cites RCr 8.31, which states "[i]f it appears that a defendant . . . will be prejudiced by a joinder of offenses . . . in an indictment, information, complaint or uniform citation or by joinder for trial, the court shall order separate trials of counts . . . or provide whatever other relief justice requires." The Supreme Court of Kentucky has commented on this rule, observing:

> Because a certain degree of prejudice is inherent in the joinder of offenses, as it is in any indictment, this Court has explained that the "prejudice" calling for severance or other relief under RCr 9.16 is "**undue prejudice**," i.e., prejudice that goes beyond the inherent prejudice to that which is **unnecessary and unreasonable**. *Romans v. Commonwealth*, 547 S.W.2d 128 (Ky. 1977). Although our rule mandates relief when such undue prejudice appears likely, we have entrusted application of the rule to the trial court's discretion, [*Debruler v. Commonwealth*, 231 S.W.3d 752 (Ky. 2007)] and we have many times noted that an erroneous severance ruling does not justify appellate relief unless it resulted in **actual prejudice** to the party opposing the ruling. *Cohron v. Commonwealth*, 306 S.W.3d 489 (Ky. 2010) (citing *Sherley v. Commonwealth*, 889 S.W.2d 794 (Ky. 1994)).

*Peacher v. Commonwealth*, 391 S.W.3d 821, 838 (Ky. 2013) (emphasis added).

Noble claims there was an insufficient nexus between or among the joined crimes. The Commonwealth contends there was a common scheme or plan in that Secrest taught E.C.E. how to perform oral sex on Noble, E.C.E. was forced to perform oral sex on Noble, and the photographs were taken to promote this sexual performance. The Commonwealth also notes the photographs were taken in Lexington, Kentucky, during the same period the sodomy occurred. Noble, however, claims there could have been up to three months between the two crimes;[5] therefore, he asserts the pictures and sodomy were not part of a single transaction. Noble also challenges the joinder of Secrest's charges regarding promoting sexual performance by a minor and possession of the photographs because he claims those crimes were irrelevant to the sodomy. Noble asserts those images were not found on his phone and "there was no evidence he was involved with the pictures"; yet, his claims are belied by E.C.E.'s testimony. Accordingly, the trial court did not abuse its discretion by not severing those charges.

Noble further contends the joinder of his charge with those of Secrest was improper because it was prejudicial to him. He claims his case is like *Hammond v. Commonwealth*, 366 S.W.3d 425 (Ky. 2012). Although, in

---

[5] We find this claim to be improbable due to the period being from October to December and E.C.E. testifying that sodomy occurred over Thanksgiving break.

-6-

*Hammond*, the Supreme Court found the joinder of three separate murder charges was erroneous and prejudicial where no serious contention was made that the murders were connected as part of the "same acts or transactions connected together or constituting parts of a common scheme or plan." Thus, the rationale for joinder under RCr 9.12/RCr 6.18 had no application in that case.

By contrast, in the case herein, the remaining charges relate to the ongoing sexual abuse of one victim over a three-month period. Noble relies heavily on the fact that no pictures of E.C.E. were found on his phone; nevertheless, there is evidence he requested a "pic" from Secrest but not of her, he instructed Secrest to delete and hide her phone, and 263 images were deleted from his phone. Regardless, Noble has failed to show he was unduly prejudiced by the decision not to sever the charges. Therefore, we cannot say the trial court abused its discretion.

Noble next argues the trial court erred when it allowed the Commonwealth to introduce evidence of Noble's and Secrest's abuse of E.C.E. in Indiana pursuant to KRE 404(b). Under KRE 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith" unless it is "offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" or it is "so inextricably intertwined with other

-7-

evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party." Noble admits that KRE 404(b) "allows the Commonwealth to present a complete, unfragmented picture of the crime and investigation." *Adkins v. Commonwealth*, 96 S.W.3d 779, 793 (Ky. 2003). Nevertheless, Noble protests that such is *not* the case herein. He claims the acts of abuse against E.C.E. in Indiana had nothing to do with the abuse she endured in Kentucky and does not fall within the "inextricably intertwined" exception. Even so, it is sufficient for the evidence to be "offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" to be admissible under KRE 404(b), which it clearly does. Thus, the trial court did not err by admitting this evidence for those "other" purposes.

Noble, however, maintains that evidence regarding the abuse of E.C.E. in Indiana neither established a common scheme nor modus operandi relating to her Kentucky abuse. In support of this argument, he cites to a case predating KRE 404, which states:

> In every case in which evidence of other crimes is sought to be introduced to establish a pattern or scheme, the real question is whether the method of the commission of the other crime or crimes is so similar and so unique as to indicate a reasonable probability that the crimes were committed by the same person. If it does so, evidence that the defendant committed the other crime is admissible. If it only tends to show a tendency or

-8-

disposition to commit a crime, the evidence is not admissible.

*Adcock v. Commonwealth*, 702 S.W.2d 440, 443 (Ky. 1986). In *Adcock*, two similar crimes committed within six months in the same household and against the same person were found to be similar enough to constitute "signature" crimes. Additionally, it is widely accepted that "evidence of other sex activities of the same nature committed with and upon the same person is competent[.]" *Price v. Commonwealth*, 31 S.W.3d 885, 888 n.4 (Ky. 2000).

In the case herein, the acts of sexual abuse were of the same nature and conducted in a similar manner in Indiana as in Kentucky and against the same victim. Moreover, the trial court properly relied upon the exceptions provided in KRE 404(b) to allow admission of the evidence without having to find the crimes were of the so-called "signature" variety. Regardless, we cannot say the trial court erred in finding the evidence of the Indiana acts as part of a "common scheme" with the Kentucky acts since all demonstrated the ongoing sexual abuse of E.C.E. by Noble and Secrest.

Noble's final argument is that the evidence of his and Secrest's sexual abuse of E.C.E. in Indiana fails the "three-part test" provided in *Bell v. Commonwealth*, 875 S.W.2d 882 (Ky. 1994), which mandates a court look at relevance, probativeness, and prejudice when determining whether KRE 404(b) evidence is admissible. Here, the trial court found that the evidence was relevant

and probative, and that the probative value outweighed any prejudice.  Noble failed to prove that the trial court erred in those findings.  Consequently, and because the trial court did not abuse its discretion in allowing the evidence to show a common purpose or scheme, we affirm.

## CONCLUSION

Therefore, and for the foregoing reasons, the judgment and sentence entered by the Fayette Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Dupree
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky