RENDERED: NOVEMBER 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1165-MR

CHARLES STINSON          APPELLANT

APPEAL FROM RUSSELL CIRCUIT COURT
v.        HONORABLE VERNON MINIARD, JR., JUDGE
ACTION NO. 15-CI-00144

MARTY DYKES, LLC          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; JONES AND L. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE: Marty Dykes, LLC ("Dykes") sued Charles Stinson ("Stinson") to recover amounts Dykes claimed that Stinson owed for services rendered hauling cattle. Stinson appealed the Russell Circuit Court's order denying his motion to set aside a prior order deeming Dykes's request for admissions as admitted, granting summary judgment in favor of Dykes, and entering a judgment in favor of Dykes for $79,175.48. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Dykes is a Kentucky corporation that hauls livestock for dealers, producers, and brokers throughout the United States. Dykes shipped cattle for Stinson on numerous occasions, and Dykes alleged that it had billed Stinson a total of $164,223.23 over approximately fifty (50) invoices. Dykes further alleged that while Stinson had paid $85,047.75 of the outstanding balance, he had failed to pay the remaining balance of $79,175.48, interest at a rate of 12%, and attorney's fees.

Therefore, Dykes filed a complaint in Russell Circuit Court on May 1, 2015, seeking to recover such an amount. Stinson filed a *pro se* letter with the circuit court on May 14, 2015, stating that he had never done business with Dykes.

Between 2015 and 2020 Dykes filed numerous motions for summary judgment, with Stinson represented by counsel at certain times during the litigation and proceeding *pro se* at other times. The parties' attempts at mediation were unsuccessful, and the circuit court ultimately set a trial date for March 25, 2020. The circuit court canceled the trial date in March, however, when the circuit court entered an agreed order stating that Stinson had requested his attorney's withdrawal.

On October 26, 2020, Dykes served Stinson with a request for admissions under Kentucky Rule of Civil Procedure ("CR") 36.01. Dykes also filed such requests with the circuit court clerk. In the request, Dykes asked that

Stinson "[a]dmit or deny that [Stinson] failed to pay for invoices 46, 47, 48, 49, and 1 that total $79,175.48 to [Dykes] and that you owe [Dykes] $79,175.48." Stinson failed to file any response to the request for admissions.

Thereafter, Dykes filed a motion for summary judgment on July 8, 2021, arguing that Stinson's lack of response to the request should be deemed admissions to the statements contained in the request. The circuit court heard Dykes's motion for summary judgment on July 19, 2021. At the hearing, Stinson appeared *pro se*, despite the circuit court warning him of the potential consequences of doing so numerous times.

At the hearing, Stinson told the court that he had never received the request for admissions. However, Stinson did acknowledge that he had received Dykes's motion for summary judgment, which referenced the request for admissions. At the hearing's conclusion, the circuit court granted Stinson ten (10) additional days to either file a response to the pending motion for summary judgment or to obtain an attorney to file a response. The court specifically told Stinson that if the court did not receive a response from Stinson, or Stinson's counsel, within such period, then the court would rule on the motion for summary judgment after the expiration of the ten (10) days. The circuit court also memorialized its instructions to Stinson in an order entered on July 19, 2021,

stating, "Charles Stinson shall, on or before July 29, 2021 file, or retain an attorney to file, a response to [Dykes's] pending motion for Summary Judgment."

Two days later, on July 21, 2021, Stinson's current counsel filed an entry of appearance in the case. However, neither Stinson nor his counsel filed a response to the motion for summary judgment by July 29, 2021, as ordered by the circuit court.

Thus, on August 3, 2021, the Russell Circuit Court entered findings of fact, conclusions of law, and judgment granting summary judgment in favor of Dykes. In doing so, the circuit court deemed Stinson's lack of response to be admissions to the request and incorporated such admissions into its findings of fact. The circuit court also found that Dykes and Stinson had a business relationship, which was memorialized by the invoices generated by Dykes and Stinson's partial payments to Dykes. Thus, the circuit court found that no genuine issues of material fact remained to be determined.

Stinson filed a motion to set aside the judgment on August 12, 2021, arguing that the court's order gave Stinson a ten (10)-day period to either file a *pro se* response or hire an attorney, not retain an attorney to file a response within the period stated in the circuit court's order. The circuit court denied Stinson's motion on September 13, 2021, and this appeal followed.

# ANALYSIS

## a. Standard of Review

This appeal arises from the circuit court's grant of summary judgment in Dykes's favor. In such matters, the appellate court "determine[s] whether the record supports the trial court's conclusion that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Foreman v. Auto Club Property-Casualty Insurance Company*, 617 S.W.3d 345, 349 (Ky. 2021) (internal quotation marks and footnote omitted). Summary judgment "expedite[s] the disposition of cases and avoid[s] unnecessary trials when no genuine issues of material fact are raised[.]" *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). It is appropriate to terminate litigation when it appears impossible for the non-moving party to produce evidence at trial warranting a judgment in its favor as a matter of law. *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1985) (citation omitted). While one must view the record in the light most favorable to the non-moving party, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence that there is a genuine issue of material fact for trial." *Steelvest*, 807 S.W.2d at 482 (citations omitted). An appellate court's review of a trial court's decision regarding

summary judgment is *de novo*. *Baker v. Weinberg*, 266 S.W.3d 827, 831 (Ky. App. 2008) (citation omitted).

An appellate court's review of a trial court's rulings on evidentiary issues and discovery disputes is whether the court abused its discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

### b. Discussion

CR 36.01 details the procedures involved in a request for admissions from one party in a case to another party. Pursuant to CR 36.01, "[a] party may serve upon any other party a written request for the admission . . . of the truth of any matters . . . that relate to statements or opinions of fact or of the application of law to fact[.]" Further, "[t]he matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]" *Id.* Additionally, CR 36.02 provides that "[a]ny matter admitted under Rule 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

On appeal, Stinson claims that he never received Dykes's request for admissions, and thus the circuit court erred in considering the request for admissions and Stinson's lack of response thereto. Dykes further argues that the circuit court erred in deeming Stinson's failure to respond to Dykes's request as an admission. We disagree with both of Stinson's claims.

In this case, Dykes sent the request for admissions in October 2020, with the Certificate of Service stating that Dykes mailed a copy to Stinson at his home address. Moreover, Dykes did not move for summary judgment based on Stinson's lack of response to the request for admissions until nearly nine months later, in July 2021. Further, Stinson stated that he did receive Dykes's motion for summary judgment, which thoroughly discussed the request for admissions. Additionally, Stinson was in court on July 19, 2021, and heard counsel's arguments concerning the request for admissions promulgated nine months prior.

Further, the circuit court granted Stinson ten (10) additional days to either file a response to the request for admissions and summary judgment or to retain an attorney to do so. The circuit court specifically told Stinson that if the court did not receive a response from either Stinson or his counsel within those ten (10) days, then the court would rule on the summary judgment motion after the expiration of the ten days. The circuit court also entered an order on July 19, 2021, stating the applicable time period.

Moreover, Stinson's current counsel filed an entry of appearance in the case on July 21, 2021. At that time, the circuit court record clearly contained a copy of the request for admissions filed by Dykes with the Russell Circuit Clerk nine months prior. The record did not have any responses to Dykes's request for admissions. Further, the circuit court record contained the motion for summary judgment pending before the court referencing the request for admissions. Additionally, the circuit court record contained the circuit court's order entered on July 19, 2021, which stated that Stinson or an attorney retained by Stinson had ten days to file a response. Finally, Stinson was warned in open court that he or his counsel must file a response within ten days, or the circuit court would rule on the motion for summary judgment.

Stinson conceded in his brief that he never responded to Dykes's request for admissions. Further, counsel for Stinson never moved the court for withdrawal or amendment of the admissions as allowed by CR 36.02. Thus, under CR 36.01 and 36.02, Stinson, by failing to respond to the request for admissions, was deemed to have admitted that he failed to pay for specific invoices that totaled $79,175.48 and that he owed Dykes $79,175.48. *See Manus, Inc. v. Terry Maxedon Hauling Inc.*, 191 S.W.3d 4 (Ky. App. 2006). Based on the foregoing, the trial court did not abuse its discretion in considering Stinson's lack of response to the request for admissions or deeming the request for admissions as admitted.

Stinson further argues that the case was not ripe for summary judgment, as disputed facts remained regarding whether the freight for the cattle was to be paid by the purchasers of the cattle. However, the circuit court based its decision on several portions of the record, not solely on the deemed admissions. Based on Marty Dykes's affidavit, the circuit court noted that it was undisputed that on multiple occasions, Stinson had contacted Dykes and arranged for Dykes to haul cattle for him to locations throughout the western United States. Additionally, based on affidavits, deposition testimony, and invoices, the circuit court noted that it was undisputed that Stinson and Dykes had entered into a business arrangement whereby Dykes would haul cattle for Stinson. Finally, the circuit court indicated that Stinson had failed to rebut Dykes's proof. We agree that the evidence and the deemed admissions eliminated any factual issues, and the circuit court's grant of summary judgment in favor of Dykes was appropriate.

## <u>CONCLUSION</u>

Based on the foregoing, we affirm the Russell Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joel R. Smith
Jamestown, Kentucky

BRIEF FOR APPELLEE:

Derrick G. Helm
Jamestown, Kentucky